NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
GREGORY S. SCALLY (Cal. Bar No. 268073)
Assistant United States Attorney
VIBHAV MITTAL (Cal. Bar No. 257874)
Assistant United States Attorney
Deputy Chief, Santa Ana Branch Office
     United States Courthouse
     411 W. Fourth Street, 8th Floor
     Santa Ana, California 92701
     Telephone:  (714) 338-3592/3534
     Facsimile:  (714) 338-3561/3708
     E-Mail: Gregory.Scally@usdoj.gov
             Vibhav.Mittal@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 20-02-DOC |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTIONS TO SEVER TRIAL |
| v. | Status Conf. Date:  3/6/20 |
| HOANG XUAN LE, and SHEILA MARIE RITZE, | Status Conf. Time:  8:30 a.m. |
| Defendants. | Motion Hearing Date:  3/27/20 |
| | Motion Hearing Time:  7:30 a.m. |
| | Location:     Courtroom of the Honorable David O. Carter |

1    Plaintiff United States of America, by and through its counsel

2 of record, the United States Attorney for the Central District of

3 California, hereby files its opposition to defendants' motions for

4 severance.

5    This opposition is based upon the attached memorandum of points

6 and authorities, the files and records in this case, and such further

7 evidence and argument as the Court may permit.

8 Dated: March 4, 2020            Respectfully submitted,

9                                 NICOLA T. HANNA
                                  United States Attorney
10
                                  BRANDON D. FOX
11                                Assistant United States Attorney
                                  Chief, Criminal Division
12
                                  /s/_____
13                                GREGORY S. SCALLY
                                  Assistant United States Attorney
14                                VIBHAV MITTAL
                                  Assistant United States Attorney
15                                Deputy Chief, Santa Ana Branch
                                  Office
16
                                  Attorneys for Plaintiff
17                                UNITED STATES OF AMERICA

18

19

20

21

22

23

24

25

26

27

28

## TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES..................................1

I.    Introduction.....................................................1

II.   Statement Of Facts And Procedural History......................2

III.  Status of Determination Regarding Penalty for Defendant LE
      and the Ongoing Investigation..................................3

IV.   Defendants' Motion to Sever Should be Denied...................4

      A.    A Continuance to November 2020 is "Reasonable" Under
            the Speedy Trial Act.....................................4

      B.    The Defendants Have Failed to Meet Their Heavy Burden
            for a Rule 14 Severance..................................8

      C.    Defendant LE's Motion to Sever Based on Defendant
            RITZE's Post-Arrest Statement Should Be Denied Without
            Prejudice...............................................10

V     Conclusion.....................................................11

# TABLE OF AUTHORITIES

**CASES**

Richardson v. Marsh,
    481 U.S. 200 (1987)........................................10

United States v. Adams,
    581 F.2d 193 (9th Cir. 1978)..............................8

United States v. Butz,
    982 F.3d 1378 (9th Cir. 1993).............................5

United States v. Hall,
    181 F.3d 1057 (9th Cir. 1999)...........................4, 5

United States v. Mayfield,
    189 F.3d 895 (9th Cir. 1999).............................10

United States v. Messer,
    197 F.3d 330 (9th Cir. 1999)..............................8

United States v. Parks,
    285 F.3d 1133 (9th Cir. 2002)............................10

United States v. Tootick,
    952 F.2d 1078 (9th Cir. 1991)..........................9, 10

Zafiro v. United States,
    506 U.S. 534 (1993).......................................8

**STATUTES**

18 U.S.C. § 3161......................................4, 5, 7

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   Introduction**

On October 16, 2019, law enforcement found the body of the victim, who was murdered in the Pacific Ocean.  (CR 1 at 6.)  The autopsy showed the cause of death to be drowning but causal factors included blunt force trauma and gunshot wounds indicative of homicide.  (CR 1 at 6-7.)  Defendant HOANG XUAN LE ("defendant LE") admitted to a confidential human source that the victim owed him a debt and defendant LE shot the victim while on a boat.  (CR 1 at 5.) The government's analysis of surveillance footage and other evidence showed that defendant SHEILA MARIE RITZE ("defendant RITZE") drove defendant LE and the victim on her boat out to sea for a "lobster-fishing" trip before the murder occurred in the early morning hours of October 15, 2019.  (CR 1 at 22-25.)

Based on the federal investigation led by the Coast Guard Investigative Service and the Federal Bureau of Investigation, on January 2, 2020, a grand jury returned a three-count indictment charging defendant LE with First Degree Murder Within the Special Maritime and Territorial Jurisdiction of the United States, in violation of 18 U.S.C. §§ 1111, 7(1), and Possess, Use, Carry, and Discharge a Firearm in Furtherance of and During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (iii), 7(1), and defendant RITZE with Accessory After the Fact, in violation of 18 U.S.C. § 3.  (CR 13.)

The defendants have filed motions for severance.  (CR 42; CR 44.)  Defendant RITZE asserts two grounds for severance.  First, she claims that her Speedy Trial Act rights will be violated if she remains joined with defendant LE.  (CR 42 at 3-4.)  Second, she

contends that she has met her heavy burden for a prejudicial severance pursuant to Fed. R. Crim. Proc. 14, because the defendants will raise mutually exclusive defenses; defendant LE has joined this portion of defendant RITZE's severance motion. (CR 42 at 4-7; CR 44 at 3, n.1.) Defendant LE also separately moved for severance, arguing that admission of defendant RITZE's post-arrest statement demands severance to avoid a violation of his Confrontation Clause rights. (CR 44.)

For the reasons stated below, none of the grounds presented warrants a severance at this stage and the motions should be denied.

**II.  Statement Of Facts And Procedural History**

The criminal complaint contains a summary of the facts of this case; much of those facts are not summarized here. (See CR 1.) In addition to being involved in the murder of the victim on October 15, 2019, defendant LE and defendant RITZE are believed to have obtained, activated, and placed a tracking device on the victim's girlfriend's car in November 2019. (CR 1 at 5, 16, 27-28.) Evidence recovered from defendant RITZE's phone showed that she had obtained a tracking device in or around early November 2019. (CR 1 at 28.) Location data from that tracking device (which defendant RITZE shared with defendant LE in November 2019) showed that the tracking device was near the victim's girlfriend's residence. (CR 1 at 28.) On December 13, 2019, a tracking device was recovered from the victim's girlfriend's car. (Id.) Shortly after discovery of the tracking device on the victim's girlfriend's car, on December 18, 2019, the defendants were charged via criminal complaint. (CR 1.) The defendants were arrested on the morning of December 19, 2019.

2

The parties are set to confer with the Court on March 6, 2020, regarding the discovery and the trial date in this matter. Defendant LE has requested a trial date in September 2021, as the government is making its determination regarding the death penalty. Defendant RITZE has requested a trial date in June 2020. To address the concerns of the defendants and avoid two identical trials, the government has proposed a trial date in November 2020 with a status conference in September 2020.

The parties met and conferred on March 2, 2020, as to discovery in this matter. The government is seeking to resolve any issues with discovery between the parties and to avoid the need to take the Court's time related to discovery.

While the severance motions are noticed for March 27, 2020, the government is prepared to address them at the March 6, 2020, status conference, to the extent the motions inform the setting of a trial date in this matter.

**III. Status of Determination Regarding Penalty for Defendant LE and the Ongoing Investigation**

Before addressing the legal merits of the motions at issue, the government believes that it should inform the Court of facts relevant to this matter. The government is mindful of the Court's concern about a delayed determination from the government regarding whether or not it is seeking the death penalty against defendant LE. The government can notify the Court and the defendants that the Attorney General's Review Committee on Capital Cases has received the U.S. Attorney's recommendation and the U.S. Attorney is seeking an expedited review from that committee. The committee is reviewing the matter consistent with the protocol stated in the Justice Manual.

3

In addition, the government has informed the defendants that its investigation is ongoing, and defendant RITZE may be charged as a principal in the murder at issue.

## IV.  Defendants' Motions to Sever Should be Denied

The motions for severance should be denied, as judicial economy favors one trial for these two defendants.  Moreover, a November 2020 trial date (which results in a five-month delay) is reasonable for defendant RITZE under the Speedy Trial Act.  Finally, defendants' other grounds for severance are insufficient at this stage. Defendant LE's defense is unknown.  Defendant RITZE's claims that their defenses are mutually exclusive is simply speculation. Similarly, defendant LE's assertions of a Bruton issue are premature, as the parties may be able to agree to a sanitized version of defendant RITZE's post-arrest statement when trial counsel and the government confer on the issue.

### A.  A Continuance to November 2020 is "Reasonable" Under the Speedy Trial Act

Under the Speedy Trial Act, "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted" "shall" be excluded in computing the time within which a trial must commence.  18 U.S.C. § 3161(h)(6).  The general purpose of § 3161(h)(6) is to "facilitate the efficient use of judicial resources by enabling joint trials where appropriate." United States v. Hall, 181 F.3d 1057, 1062 (9th Cir. 1999) (citing S. Rep. 38 (1974), reprinted in ANTHONY PARTRIDGE, LEGISLATIVE HISTORY OF TITLE

4

I OF THE SPEEDY TRIAL ACT OF 1974, 135 (1980)).[1]  Here, defendant RITZE is seeking a continuance to June 2020.  In light of defendant LE's request for a September 2021 trial date, the government is proposing a trial date in November 2020 for both defendants.  The Court can make the necessary findings under 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv) of the Speedy Trial Act to exclude time for defendant LE until November 2020, in light of defendant LE's need to prepare for this matter and investigate his defense, the complexity and seriousness of the offenses, the voluminous discovery, and defendant LE's expected change in trial counsel.  Moreover, "[e]very circuit to consider [§ 3161(h)(6)] has concluded that "an exclusion to one defendant applies to all co-defendants." United States v. Butz, 982 F.3d 1378, 1381 (9th Cir. 1993) (collecting cases).  The question from defendant RITZE's motion is whether a delay for defendant RITZE of five months (from June 2020 to November 2020) is "reasonable."  For the reasons described below, the government submits that a five-month delay is reasonable.

Under § 3161(h)(6), the reasonableness inquiry is done case-by-case and is a fact-bound inquiry.  Hall, 181 F.3d at 1062.  The Court must look to "whether the delay was necessary to achieve its purpose" of joint trials where appropriate and to whether there was any "actual prejudice suffered by the [defendant]." Id. (citing United States v. Franklin, 148 F.3d 451, 456-57 (5th Cir. 1998)).  Here, the five-month delay is necessary to avoid two identical trials.  The

---

[1] Hall cited § 3161(h)(6) as § 3161(h)(7) because the subsection appeared there at the time in the Speedy Trial Act.

government's presentation of evidence will be the same if the defendants are tried together or separately.

At trial, the government expects to prove defendant LE murdered the victim after defendant RITZE drove defendant LE and the victim on it late October 14, 2019, as well as steps that the defendants took to cover up their involvement in the murder.  Putting aside the strain that two such trials would put on the victim's family, the five-month delay allows for the defendants to be tried together.  The charges at issue are some of the most serious in the criminal code, first degree murder (which at a minimum carries a mandatory minimum sentence of life imprisonment).  The five-month delay permits both defendants to prepare for a case that will involve complexities, as there will likely be expert testimony related to the cause of death and a drift analysis, evidence of cell-site data, and potentially DNA and other forensic evidence.  The defendants will likely need to investigate the government witnesses, including the various informants that may be called at trial, and potentially call their own expert witnesses.  In addition, defendant RITZE has suggested that there will be litigation and challenges to whether the Court has jurisdiction over the murder.  Of course, to the extent the delay is a result of the government's determination as to the death penalty, the government takes such serious decisions with great thought.  In this case, the government is moving swiftly to address that issue. Accordingly, the five-month delay is necessary to try the defendants jointly.  See Butz, 982 F.2d at 1381 (affirming grant of continuance where only five of the nine codefendants agreed a continuance was necessary, taking into account the severity and complexity of the charges, the need for additional time to prepare for pretrial

litigation and trial, review voluminous discovery, and the fact that witnesses were from out of state).

As to prejudice from the five-month delay, the government is mindful that defendant RITZE is detained pending trial. The government recognizes the gravity of pre-trial detention and the prejudice to defendant RITZE because of the detention. But, defendant RITZE has not identified how the five-month delay impairs her ability to present her defense. If anything, the continuance could benefit defendant RITZE because it gives her the opportunity to work jointly with defendant LE. Accordingly, there is no prejudice to her ability to present her defense if the trial is set for November 2020.

In addition to continuing the trial pursuant to § 3161(h)(6), the government submits that 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(ii) also provide additional grounds for the continuance to November 2020, because (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in a speedy trial and (ii) the case is so unusual and so complex, due to the nature of the prosecution and the existence of novel questions of fact or law, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. These provisions are particularly applicable to this case, given the voluminous discovery, complexity of the case, seriousness of the offenses, the interest in judicial economy, the interest in avoiding having family of the victim testify on multiple occasions or attend multiple trials, and the need for sufficient time for defense preparation by defendant LE.

Defendant RITZE relies entirely on United States v. Messer, 197 F.3d 330, 338 (9th Cir. 1999) in making her argument for severance based on the Speedy Trial Act.  Messer is readily distinguishable from this case.  There, the time from indictment to trial was 21 months.  Here, the time from indictment to the government's proposed trial date (January to November 2020) is 10 months, only five of which defendant RITZE is contesting.  In addition, in Messer, the concern was that the government requested a continuance for a year to wait for a co-defendant to complete a different trial.  197 F.3d at 338-39.  That is not the case here.  The delay is to allow defendant LE to have sufficient time to prepare for trial.

**B.   The Defendants Have Failed to Meet Their Heavy Burden for a Rule 14 Severance**

To obtain a severance based on Rule 14, the burden of demonstrating prejudice rests on defendant and is a "heavy one." United States v. Adams, 581 F.2d 193, 198 (9th Cir. 1978).  Defendant must show more than that a separate trial might offer "a better chance" of acquittal.  Id.  The Supreme Court has held that "when defendants have been properly joined under Rule 8(b), a district court should grant severance under Rule 14 only if there is serious risk that a joint trial would prejudice a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993).  Defendant RITZE argues that a Rule 14 prejudicial severance is warranted because of "Potentially Mutually Exclusive Defenses Here."  (CR 42 at 6 (emphasis added).)  Defendant RITZE's speculation about defendant LE's defense is insufficient, at this stage, to warrant a severance under Rule 14.

Defendant LE, in a footnote of his own motion for severance, joins this portion of defendant RITZE's motion. (CR 44 at 3, n. 3.) However, defendant LE provides no explanation of what his mutually exclusive defense is. Given the early stage of the proceedings, defendant LE's request for a continuance, and defendant LE's expected appointment of new trial counsel this week, it is all but certain that defendant LE's defense is unknown. The record is woefully inadequate for a severance based on mutually exclusive defenses. A severance should not be granted based on defendant RITZE's speculation about what defendant LE's defense could be.

In <u>United States v. Tootick</u>, 952 F.2d 1078, 1081 (9th Cir. 1991) (citations and quotation marks omitted), the Ninth Circuit described mutually exclusive defenses as the following:

> Mere inconsistency in defense positions is insufficient to find codefendants' defenses antagonistic. Inconsistency, alone, seldom produces the type of prejudice that warrants reversal. The probability of reversible prejudice increases as the defenses move beyond the merely inconsistent to the antagonistic. Mutually exclusive defenses are said to exist when acquittal of one codefendant would necessarily call for the conviction of the other. The prototypical example is a trial in which each of two defendants claims innocence, seeking to prove instead that the other committed the crime.

The example given in <u>Tootick</u> was where defendants, charged with possession of an unregistered firearm, each claimed that the other owned the weapon. Here, there are many defenses that defendant LE may present that are not mutually exclusive with defendant RITZE's defense. For example, defendant LE could argue that the murder was not done with malice aforethought and concede that he should only be convicted of a lesser-included offense like second degree murder (which does not carry mandatory minimum sentence of life imprisonment). Defendant LE could argue that he shot the victim in

9

self-defense.  Similarly, defendant LE could make a jurisdictional challenge to the murder charges, claiming that the Court lacked jurisdiction for the offenses.  These are simply three defenses that defendant LE could make that would not be mutually exclusive with defendant RITZE's defense that she did not receive, relieve, comfort or assist defendant LE in order to hinder or prevent his apprehension, trial or punishment, as the government is required to prove for the accessory after the fact charge.

For her prejudicial severance argument, defendant relies on United States v. Mayfield, 189 F.3d 895, 899-900 (9th Cir. 1999) and Tootick.  In both those cases, the mutually exclusive defenses were known at the time of the erroneously denied severance motions.  Accordingly, neither case is helpful here where defendant LE's defense is not known.

**C.  Defendant LE's Motion to Sever Based on Defendant RITZE's Post-Arrest Statement Should Be Denied Without Prejudice**

The Supreme Court in Bruton and its progeny has held that "[a] defendant is deprived of his Sixth Amendment right of confrontation when the facially incriminating confession of a nontestifying codefendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the codefendant." Richardson v. Marsh, 481 U.S. 200, 207 (1987).  By contrast, "no Confrontation Clause violation occurs when 'the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence.'"  United States v. Parks, 285 F.3d 1133, 1138 (9th Cir. 2002) (quoting Richardson, 481 U.S. at 211).  Here, defendant LE summarizes purportedly an objectionable portion of defendant RITZE's statement as follows:

10

> Ritze told authorities that while she, Le and T.D. were
> lobster fishing from her boat off the coast of Dana Point,
> she heard a loud sound that she initially believed to be
> her boat engine.  When she turned, she saw Le and T.D.
> wrestling at the back of the boat and saw T.D. go
> overboard.

(CR 44 at 6.)

On March 2, 2020, defendant LE notified the government of his intent to move for severance based on admission of defendant RITZE's post-arrest statement.  On March 3, 2020, the government offered to discuss with defendant LE a sanitized version of defendant RITZE's statement, and defendant LE then filed his motion for severance.  The government understands that trial counsel moved to withdraw on March 4, 2020.  At this early stage of the litigation, the government submits that the parties should have an opportunity to confer on what portions of defendant RITZE's statement that defendant LE wishes to have excluded and if a potential sanitized version can be agreed upon.  This is particularly necessary because defendant LE's trial counsel is substituting in this week.  At this time, the government would ask that the Court deny the motion without prejudice so the government can confer with defendant LE's trial counsel on the issue after the appointment is done.

**V.   Conclusion**

For the foregoing reasons, the government respectfully requests that this Court deny the motions to sever.