UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
(SOUTHERN DIVISION - SANTA ANA)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO: 8:20-CR-00002-(B)DOC |
| | ) | |
| Plaintiff, | ) | CRIMINAL |
| | ) | |
| vs. | ) | Santa Ana, California |
| | ) | |
| HOANG XUAN LE, | ) | Thursday, June 3, 2021 |
| SHEILA MARIE RITZE, | ) | |
| | ) | (7:24 p.m. to 7:38 p.m.) |
| Defendants. | ) | |

(VOLUME II)

PROCEEDINGS:   STATUS CONFERENCE

BEFORE THE HONORABLE DAVID O. CARTER,
UNITED STATES DISTRICT JUDGE

**APPEARANCES**:             SEE PAGE 2

Court Reporter:          Recorded; CourtSmart

Courtroom Deputy:        Kelly Davis

Transcribed by:          Exceptional Reporting Services, Inc.
                         P.O. Box 8365
                         Corpus Christi, TX 78468
                         361 949-2988

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

**APPEARANCES:**

For Plaintiff:	GREGORY SCALLY, ESQ.
	VIBHAV MITTAL, ESQ.
	AUSA - U.S. Attorney's Office
	312 N. Spring Street
	Los Angeles, CA 90012


For Hoang Xuan Le:	CRAIG WILKE, ESQ.
	Law Office of Craig Wilke
	305 N. Harbor Blvd.
	Suite 216
	Fullerton, CA 92832

For Sheila Marie Ritze:	DAVID W. WIECHERT, ESQ.
	Wiechert Munk & Goldstein, PC
	27136 Paseo Espada
	Suite B1123
	San Juan Capistrano, CA 92675

**Santa Ana, California; Thursday, June 3, 2021; 7:24 p.m.**

**(Call to Order)**

THE CLERK: Your Honor, we're going to switch to CourtSmart.

THE COURT: Mr. Weichert, that leaves you in the position of still trailing and I'm not going to move you to the front; I'll keep you behind. And I'm eventually going to have to change your date but I don't want to right now.

So Mr. Wilke and counsel for the government, could we go on the 27th?

MR. SCALLY: Yes, the week of September 20th to the 27th and I'm back the 28th, Your Honor.

THE COURT: What happens if we then called the jurors in some time the 29th or the 30th? They've read the Questionnaire -- strike that.

That we read the Indictment.

That we gave them the Questionnaire to fill out here and we don't send that out.

That would give us time to process that if that was on the 29th, for instance, on a Thursday, a Friday. And if we're really working on a one-day, then maybe we could all get together on Friday the 1st, okay, to go over cause matters.

(To Clerk): Now write this in pencil, Kelly, in case we have to change it again.

Now, we're on this schedule right now where we're

1  getting jurors on Mondays and Wednesdays but I think eventually
2  we're going to go back to Tuesdays.  And I would think that the
3  CDC restrictions hopefully will be off by then.
4        But we've got a holiday on the 11th and I want to
5  start then on the 4th.
6        And I'll watch you, if you're not holding up, having
7  done this for so many years -- I'll watch you very carefully
8  and if you're not holding up, we can take a day as we go.  But
9  normally here it's five days.
10       So we're going to start voir dire.  D
11       **(To Clerk):**  Deb, we'll start voir dire on the 4th,
12 which is jury selection.  Right?
13       **MR. SCALLY:**  I'm sorry.  What date was that, Your
14 Honor?
15       **THE COURT:**  4th.
16       **THE CLERK:**  October 4th.
17       **MR. SCALLY:**  Yes, Your Honor.
18       **THE COURT:**  And you've got a holiday, Columbus Day,
19 where I promise you, you won't be able to hold them; they'll
20 try to get away on a Thursday night.  We'll plan on being in
21 session on the 8th but -- So then you've got the 12th, 13th,
22 14th, 15th; you've got the 18th, 19th, 20th, 21st, 22nd, 25th,
23 26th, 27th, 28th.
24       **MR. WILKE:**  The case will be to the jury by the 22nd.
25       **THE COURT:**  Yeah.  I just want to make certain I'm

1  not getting near any other holiday except we've got Veteran's
2  Day on the 11th.
3           **MR. WILKE:**  Yeah, I think it we're five day weeks,
4  Your Honor.
5           **THE CLERK:**  Use the microphone.  We're using
6  CourtSmart.
7           **MR. WILKE:**  If we're going five-day weeks, I think
8  we'll have it to the jury by the 22nd, that's 15 days.
9           **THE COURT:**  You'll find out that if the jurors aren't
10 holding up.  I'm watching pretty closely and I'll call off a
11 day just to relax a day, but we'll talk to you before that so
12 you're not inconvenienced with your witnesses, okay?
13          **MR. WILKE:**  Thank you, Your Honor.
14          **THE COURT:**  All right.  Okay.  Then where's your
15 client?  Because I need a time waiver from him.
16          **MR. WILKE:**  I think we can get a stip filed in the
17 next day or so.
18          **THE COURT:**  No problem?
19          **MR. WILKE:**  Not a problem.
20          **THE COURT:**  Okay.  Now, does that work for the
21 government?
22          **MR. SCALLY:**  Yes, Your Honor, thank you.
23          **THE COURT:**  Now won't you repeat back those dates to
24 me.
25          **MR. SCALLY:**  Your Honor, I have calling in the jurors

1  on September 29th or the 30th.

2          **THE COURT:**  The what?

3          **MR. SCALLY:**  September 29th or the 30th.  I wasn't

4  sure which one was chosen.

5          **THE COURT:**  Kelly, what's better for the system?

6          **THE CLERK:**  It doesn't matter, Your Honor.

7          **THE COURT:**  What I'm worried about is if we go -- we

8  can't anticipate.  But if we go back to our normal Tuesday

9  schedule, I don't want 100 jurors coming in if other judges

10 have trials.

11         **THE CLERK:**  September 29th is a Wednesday so --

12         **THE COURT:**  Why do we do it the 29th.

13         **THE CLERK:**  Most judges will start on a Tuesday.

14         **THE COURT:**  Yeah, or a Monday, yeah.

15         So counsel, let's take the 29th.  29th, counsel.

16         Now what are we doing on the next date?

17         **MR. SCALLY:**  And then on Friday, October 1st, we'll

18 convene to consider cause challenges based on the

19 Questionnaire.

20         **THE COURT:**  Right.

21         **MR. SCALLY:**  And jury selection begins on

22 October 4th.

23         **THE COURT:**  Perfect.

24         **MR. WILKE:**  Does the Court still want the

25 Questionnaire by June 14th?

1       **THE COURT:** No, obviously not. But you suggest the
2  date that I get that Questionnaire now.
3       **MR. WILKE:** So September 1, sometime around there, a
4  month before I would think. So maybe August 30th? That's five
5  weeks out.
6       **MR. SCALLY:** Works for the government, Your Honor.
7       **THE COURT:** Okay, fine.
8       **MR. WILKE:** August 30th?
9       **THE COURT:** Then we're agreed upon the procedure.
10 We'll put as many jurors as we can here, 12 in the box. And
11 we'll put probably -- at the present time the whole courtroom
12 will hold 24, that's it. All right.
13      How many jurors do we need?
14      **MR. WILKE:** Ms. Davis was asking me about a date for
15 motions in limine too. Did the Court want to set that date
16 today for hearing?
17      **THE COURT:** It would be helpful so we're not having
18 to gather again so let's take --
19      **MR. WILKE:** We would ask for a date approximately a
20 month out. Even that August 30th date would be fine for a
21 hearing if the Court's available that date.
22      **THE COURT:** Sure, why don't we do August 30th.
23      **MR. WILKE:** August 30th for motions in limine, that's
24 fine, Your Honor.
25      **THE COURT:** Okay.

1       **MR. WILKE:**  And parties would file those on the
2  regular 28-day notice.
3       **THE COURT:**  All right.  August 30th.
4       And then once again, help us with the number of
5  jurors.
6       Now remember, that's why I'm doing the calculation.
7  Twelve in the box, 10 and six that's basically -- I thought it
8  was 30 but -- no, it's 28; no, it's 28.
9       Then you've got alternates.  And if you choose five
10 or six alternates you've got one preemptory per each alternate
11 if you wanted, or you can agree to a lesser amount.  It doesn't
12 matter, because I'm bringing in so many jurors anyway.
13      **MR. WILKE:**  The typical trial court brings in 70; is
14 that --
15      **THE CLERK:**  For (indisc.) --
16      **MR. WILKE:**  Yeah.
17      **THE CLERK:**  Forty.
18      **MR. WILKE:**  Forty.
19      **THE COURT:**  Yeah.  No, you're going to go way up in
20 numbers because when they hear it's a murder case --
21      **MR. WILKE:**  No I understand but I'm just --
22      **THE COURT:**  Anticipate your former publicity, a prior
23 publicity, and anticipate those good citizens who answer
24 because they're patriotic and want to do their duty.  And they
25 realize, five weeks?  Judge, I suddenly have a problem.  You

```
 1  need to double your number.  Historically on death penalty
 2  cases, my rate of retention's between a low of 52 percent and a
 3  high of 56 percent.  Now I can't guarantee that but on a death
 4  case that's what I run.
 5           MR. WILKE:  Well typically though the Court would
 6  bring in on a regular criminal case 40, correct?  That's what
 7  Kelly is telling me.
 8           THE COURT:  Yes but I'm not going to.
 9           MR. WILKE:  No I understand that.  I was saying if we
10  doubled that, I think that would be sufficient, 80.
11           MR. SCALLY:  We brought in -- on the lengthy trials
12  we brought in like 120 in the last lengthy trial I did but that
13  was set to be a two-month trial.  And that was a fairly
14  notorious well-known figure here in the county that had a lot
15  of publicity as well; and frankly, we barely got there.
16  (chuckles)  We were down to the end.
17           THE COURT:  Just don't want to start over because if
18  we have to then bring other people in, it's disastrous being
19  five or 10 short.  I want 90 --
20           THE CLERK:  Okay.
21           THE COURT:  -- 90.  With 90 we'll probably have to
22  send out about 3,000 summons.  That's usually in the old days
23  what it ran.
24           Okay.  Well listen, it's been a pleasure.
25           Kelly, do you have questions, first of all?
```

| | |
|---|---|
| 1 | **THE CLERK:** I have one question. |
| 2 | Are you still revoking the Notice of Waiver for the |
| 3 | Defendant Le? |
| 4 | **THE COURT:** Yes, he's here, not on all occasions -- |
| 5 | **MR. WILKE:** That's fine, no objection. We'll file -- |
| 6 | we'll get a stip filed on the excludable time stip. |
| 7 | **THE COURT:** Okay. |
| 8 | **THE CLERK:** Are we still agreeing to 15 to 20 days |
| 9 | for the trial? |
| 10 | **THE COURT:** I'm not concerned. In good faith you're |
| 11 | someplace between 15 and 25 days. I'm not going to be too |
| 12 | concerned if you take longer or shorter now because there's no |
| 13 | bookend where I'm worried about not being here for a period of |
| 14 | time. That's a straight run all the way up to Thanksgiving if |
| 15 | you need it. |
| 16 | So let's turn to Mr. Weichert for a moment. |
| 17 | Your case is set for October -- |
| 18 | **THE CLERK:** 19th. |
| 19 | **MR. WEICHERT:** 10-19. |
| 20 | **THE COURT:** -- 19. |
| 21 | Obviously you still want Mr. Wilke and his client to |
| 22 | go first. |
| 23 | **MR. WEICHERT:** And Your Honor -- |
| 24 | **THE CLERK:** Microphone. |
| 25 | **MR. WEICHERT:** Yes. |

1           We anticipated that this might happen because of the
2  amount of material we were getting and the needs of Mr. Wilke.
3  So I have had discussions with the government about January.
4           I have a trial that is at the end of November,
5  scheduled in the Southern District of California that's
6  supposed to last about a month.
7           **THE COURT:** Let me tell you why I'm going to grant
8  that.
9           Between Thanksgiving, regardless of your trial -- and
10 I know you'd rather be here, thank you, and I'm know I'm senior
11 to whoever you have down there, thank you.  But the real reason
12 is because between Thanksgiving and Christmas, with a trial of
13 this length, it's almost impossible for you.  We'll set it in
14 January.
15          **MR. WEICHERT:** Judge Curiel thinks it's going to go
16 the last week of November and go till Christmas.  And they're
17 four defendants and maybe they do things differently in San
18 Diego but that's his anticipation.
19          **THE COURT:** Much better judge than I am.  He's very
20 brave.
21          **MR. WEICHERT:** But my January is totally open.  And
22 so that was what the anticipation was, Your Honor, that we
23 would do this in January, plus that would give me time.
24 Depending on what happened in Mr. Le's case, we may have
25 different publicity issues, depending on what the results are.

1    **THE COURT:** If you plan on going through the same
2 process of a jury questionnaire, et cetera, I'm going to grant
3 that because Mr. Wilkes' case will stir up the notoriety, if
4 there is any notoriety. And therefore you're going to have a
5 more difficult problem in terms of press.
6    The second reason is, I don't want to catch people
7 coming back from New Year's and push it. So I would think that
8 the third or fourth week in January for you. And I would think
9 then we would go through the same process a week or two
10 beforehand with the questionnaires.
11    **MR. WILKE:** And the government -- we should be able
12 to work out those dates if the Court's available.
13    **THE COURT:** Well I'm going to make sure I am. It's
14 as simple as that.
15    So why don't you do this. Why don't you two get
16 together, plan on a January trial date so I don't keep you any
17 longer tonight. Give me dates for your questionnaire, same as
18 Mr. Wilke.
19    Enough?
20    **MR. WEICHERT:** Yeah.
21    **THE COURT:** Okay. Anything further? Let me turn to
22 the government?
23    **MR. SCALLY:** No, Your Honor, thank you very much.
24    **THE COURT:** Mr. Wilke?
25    **MR. WILKE:** One additional question, Your Honor.

1      The Court indicated last week it was severing the
2 drug counts.  Would the Court expect the trial on the drug
3 counts -- the trial on the drug counts to proceed immediately
4 after the murder trial?  Later down the road?
5      **THE COURT:**  I severed them.  I really don't care.
6 You're not here because of a couple of drug counts and a
7 couple --
8      **MR. WILKE:**  The Court's absolutely right.  I'm just
9 trying to just make sure I know what my calendar is going to be
10 mostly for other purposes.
11      **THE COURT:**  Why don't you two work that out and give
12 me a suggestion.  Quite frankly these drugs counts are easily
13 disposable, frankly.
14      **MR. WILKE:**  Thank you, Your Honor.
15      **THE COURT:**  We're not here for a couple grams of
16 dope.
17      **MR. WILKE:**  Thank you.
18      **THE CLERK:**  So Your Honor, will we be getting an
19 Excludable Time Order from Defendant Ritze also?
20      **THE COURT:**  Uh-huh (affirmative).  We're going to get
21 a time order -- or a time waiver, Mr. Weichert, from you --
22      **MR. WEICHERT:**  Yes.
23      **THE COURT:**  -- when you and the government talk about
24 the date.  I'm going to make it the third or fourth week in
25 January, okay?  So I can plan also.  We've got 400 other cases

1 that we're trying to deal with.

2 　　　　　Okay.  Let me say goodnight to you and thank you.

3 　　　　　I think, by the way, a compliment on the record.

4 　　　　　I think that the wisdom all counsel have imparted to

5 the Court has been very well taken and I appreciate it.

6 　　　　　**MR. WILKE:**  Thank you, Your Honor.

7 　　　　　**THE COURT:**  Good night.

8 　　　　　**MR. WEICHERT:**  Have a good night.

9 　　**(Proceeding adjourned at 7:38 p.m.)**

**CERTIFICATION**

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____                                July 9, 2021
           Signed                                                   Dated

*TONI HUDSON, TRANSCRIBER*