UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Case No.    8:20-CR-00002-DOC                                                           Date: October 8, 2021

Present: The Honorable: DAVID O. CARTER, United States District Judge

Interpreter    N/A

| T. Steele | Not Present | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s) Present App Ret | Present | Cust | Bond | Attorneys for Defendants: |
|---|---|---|---|---|
| Hoang Le | NOT | X | N/A | |
| Sheila Ritze | NOT | X | N/A | |

**Proceedings: [IN CHAMBERS] RULING ON DEFENDANT'S MOTIONS IN LIMINE [209]**

Before the Court is Defendant Hoang Le's ("Defendant" or "Mr. Le") Motion in Limine to admit evidence of alleged victim Tri Dao's possession of guns and specific acts of violence, habit of carrying gun, possession of revolver, and prior arrests and convictions for illegal possession of guns ("MIL") (Dkt. 209). Having considered the parties' briefing and arguments, the Court **GRANTS IN PART** the MIL.

On December 18, 2019, a Complaint ("Compl.") was filed against Defendant Le in the U.S. District Court for the Central District of California for violation of 18 U.S.C. § 1111: First Degree Murder Within the Special Maritime and Territorial Jurisdiction of the United States, and against Defendant Ritze for violation of 18 U.S.C. § 3: Accessory After the Fact. Dkt. 1. The First Superseding Indictment, filed June 24, 2020, charged both Defendants with violating 18 U.S.C. § 1111: First Degree Murder Within the Special Maritime and Territorial Jurisdiction of the United States; 18 U.S.C. § 1117: Conspiracy to Commit First Degree Murder and Second Degree Murder; and 18 U.S.C. §§ 924(c)(1)(A)(i) and (iii): Possess, Use, Carry, Discharge of a Firearm in Furtherance of and During and in Relation to a Crime of Violence. Dkt. 83.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

The Government alleges that on October 15, 2019, Mr. Le shot and killed Tri Dao while on a boat off the coast of Orange County and threw his body into the Pacific Ocean. *Id.* at 2. Defendants Le and Ritze are alleged to have left with Tri Dao on a fishing trip from Dana Point, California, on October 14, 2019. Compl. at 4. Tri Dao's body was found by the Coast Guard on October 16, 2019. *Id*.

The Defense represents that Mr. Le will testify that he acted in self-defense after Tri Dao assaulted him with a revolver. MIL at 4.

Rule 401 of the Federal Rules of Evidence provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

The Defense seeks to admit Mr. Le's testimony that Tri Dao assaulted him with a revolver immediately prior to Mr. Le's acts that contributed to Tri Dao's death. MIL at 2. The government has no objection to Defendant personally testifying as to these facts. Government's Opposition to MIL ("Opp'n") at 1 (Dkt. 252). The Court will admit this evidence given the relevance of Mr. Le's testimony for his reasonable belief that use of force was necessary to defend himself. *See United States v. Morsette*, 622 F.3d 1200, 1201-02 (9th Cir. 2020). Defendant always has the right to testify to his account of the events that led to the incident in question.

The Court will also admit Mr. Le's testimony on Tri Dao's previous assault on him in 2019 because it similarly weighs on Mr. Le's reasonable fear of Tri Dao on the night in question. *See United States v. Garcia*, 729 F.3d 1171, 1178-79 (9th Cir. 2013) (district court abused discretion by excluding evidence of alleged victim's prior acts to prove defendant's state of mind); *United States v. James*, 169 F.3d 1210, 1214-15 (9th Cir. 1999) (en banc) (extrinsic evidence of victim's prior acts of violence admissible to show defendant's state of mind); *United States v. Saenz*, 179 F.3d 686, 689 (9th Cir. 1999) (defendant's knowledge of alleged victim's prior acts of violence relevant to self defense).

Evidence of a person's habit is admissible to prove that on a particular occasion the person acted in accordance with the habit regardless of whether the evidence is corroborated or whether there was an eyewitness. Fed. R. Evid. 406. In deciding whether certain conduct constitutes habit, courts consider three factors: (1) the degree to which the conduct is reflexive or semi-automatic as opposed to volitional; (2) the specificity or particularity of the conduct; and (3) the regularity or numerosity of the examples of the conduct. *United States v. Angwin*, 263 F.3d 979, 991–92 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Here, Defense seeks to admit testimony from Trung Dao and Natalie Nguyen, Tri Dao's common law wife, that victim Tri Dao had a habit of carrying gun. This evidence is relevant in so far as it makes it more probable than not that Tri Dao possessed a gun at the time of the events in question and that Mr. Le had reason to fear Tri Dao. The Defense represents to the Court that they would elicit testimony from Trung Dao that victim Tri Dao "always carried a gun" and similar testimony from Natalie Nguyen. MIL at 6. These representations are particularly significant given that they are coming from the victim's brother and common law wife. As such, these representations reflect systematic conduct. *See Mathes v. The Clipper Fleet*, 774 F.2d 980, 984 (9th Cir. 1985). The Court will admit testimony from Trung Dao and Natalie Nguyen on Tri Dao's habit of carrying a gun.

Testimony of Natalie Nguyen and Ha Tran, Natalie's mother, that Tri Dao possessed a revolver in 2016 is relevant to corroborate Defendant's testimony that the victim assaulted him with a revolver and that the bullet recovered from Tri Dao's shoulder came from his gun. *Cf. United States v. Dorsey*, 677 F.3d 944, 951-52 (9th Cir. 2012) (evidence that individual previously possessed type of gun consistent with gun used in crime is admissible to prove that individual had means to commit shooting and was shooter). Moreover, the government does not object to testimony from "[Natalie] Nguyen that the victim had possessed a firearm but she had not seen [a firearm] on the victim for a while, assuming that corroborates defendant Le's testimony related to his fear of the victim." Government's Tri Dao Opp'n at 9. As such, the Court will allow the testimony on the victim's possession of a revolver in 2016.

Defense also seeks to admit testimony of Natalie Nguyen and Ha Tran about Tri Dao's alleged assault of Nguyen in 2016. Testimony on the alleged assault itself would only be admissible if Defense was able to lay foundation that Defendant had knowledge of the alleged assault and that the knowledge contributed to his reasonable fear of Tri Dao. Thus, the Court will wait to make its ruling until Defense lays this necessary foundation in trial.

Evidence of Tri Dao's prior arrests and convictions for illegal possession of guns are not admissible unless Defendant lays the adequate foundation that he had knowledge of such convictions at the time at which he decided to use force in self-defense. *See United States v. James*, 169 F.3d 1210, 1213 (9th Cir. 1999) (Defendant permitted to testify about knowledge about the victim's prior violent misconduct but could not introduce extrinsic evidence of which they had no knowledge at that time). The Court will wait to make its ruling until the Defense lays foundation that Mr. Le had knowledge of these prior convictions on the night of the alleged murder.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

  The Court GRANTS IN PART the MIL with respect to Defendant's testimony that Tri Dao assaulted him on the night of the alleged murder; Defendant's testimony on Tri Dao's previous assault on him in 2019; testimony of Trung Dao and Natalie Nguyen that Tri Dao had a habit of carrying a gun; and testimony of Natalie Nguyen and Ha Tran that Tri Dao possessed a revolver in 2016.

  The Court HOLDS IN ABEYANCE UNTIL TRIAL the MIL with respect to testimony from Natalie Nguyen and Ha Tran about the alleged assault in 2016 and evidence of Tri Dao's prior arrests and convictions.

cc

:
**Initials of Deputy Clerk** ts