TRACY L. WILKISON
Acting United States Attorney
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
GREGORY S. SCALLY (Cal. Bar No. 268073)
Assistant United States Attorney
GREGORY W. STAPLES (Cal. Bar No. 155505)
Assistant United States Attorney
     Ronald Reagan Federal Bldg & U.S. Courthouse
     411 West 4th Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3592
     Facsimile: (714) 338-3708
     E-mail:    gregory.scally@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. SA CR 20-02(B)-DOC |
| Plaintiff, | GOVERNMENT'S TRIAL BRIEF REGARDING EXHIBITS FOR DIRECT EXAMINATION OF TONY HOANG |
| v. | |
| HOANG XUAN LE, | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Gregory S. Scally and Gregory W. Staples, hereby files its Trial Brief Regarding Exhibits for Direct Examination of Tony Hoang.
    This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

```
 1  Dated: November 14, 2021        Respectfully submitted,
 2                                  TRACY L. WILKISON
                                    Acting United States Attorney
 3
                                    BENJAMIN R. BARRON
 4                                  Assistant United States Attorney
                                    Chief, Santa Ana Branch Office
 5
                                          /s/
 6                                  _____
                                    GREGORY S. SCALLY
 7                                  Assistant United States Attorney

 8                                  Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA
```

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Prior to trial, the government served notice of its intent to present recordings of defendant Le's meetings with Tony Hoang during which defendant Le discusses or engages in other criminal acts not being tried in the current trial. Defendant Le moved to exclude the vast majority of that evidence, and on October 29, 2021, the Court ruled, with respect to defendant's conversation about a new murder for hire, and defendant's stated desire to be a hitman, that the evidence was unduly prejudicial. To comply with the Court's order, the government now seeks to introduce only a very small subset of the recordings of defendant Le's meetings with Tony Hoang during its direct examination of Tony Hoang.

In particular, the government seeks to admit, during direct examination of Tony Hoang, the portions of the recordings contained in government's trial exhibits 47, 51, 52, 73, 75, and 260, transcripts of which are attached hereto (and are available in the Court's exhibit binders).[1] Defendant objects to the government introducing this evidence.

Additionally, the government understood the Court to have indicated orally on Friday, November 12, 2021, that a portion of the current Exhibit 56, namely, from page 12 of 13 of Exhibit 56A,

---

[1] These were also previously included as exhibits to the government's opposition to defendant's motion to exclude other acts. In particular, exhibits 51 and 52 correspond to the yellow-highlighted portions of pages LR_00034720 to LR_34723 in exhibit 15 to the government's opposition. Exhibits 73 and 75 correspond to the yellow-highlighted portions of page LR_00034802 to LR_00034806 (Ex. 73) and LR_00034811 to LR_00034813 (Ex. 75) in exhibit 19 to the government's opposition. Exhibit 260 corresponds to the yellow-highlighted portion of page LR_00034843, from lines 4 to 36, in exhibit 16 to the government's opposition.

starting at "Every scenario is different" to the end of that clip ("I'm supposed to protect both sides"), is admissible during Tony Hoang's direct examination. The government accordingly intends to introduce that exhibit also.

## II. ARGUMENT

Exhibit 47 is a recording taken by Tony Hoang of his interaction with defendant Le prior to Tony Hoang working with the government. The initial portion of the conversation, during which defendant Le states, "No one's picking me up yet," is a reference to not having been arrested yet for the killing about which he had told Tony Hoang previously. Defendant Le goes on to discuss his relationship with Alex Dao, the brother of James Dao, saying that defendant Le is Alex Dao's "debt collector." In opening statement, defendant Le indicated he has a fear of Alex Dao, and that that fear explains some of his conduct in the case. Accordingly, this evidence of defendant Le discussing his relationship with Alex Dao is relevant insofar as it bears on defendant Le's expected testimony concerning his fear of Alex Dao. The rest of the exhibit consists of narcotics talk between Tony Hoang and Alex Dao, which is admissible pursuant to the Court's October 29, 2021 ruling that evidence concerning Le dealing marijuana and other drugs with CHS-1 (Tony Hoang) "is admissible because it goes to show the relationship between Le and ... CHS-1..."

Exhibits 51 and 52 are two parts of the same, continuous conversation. They are relevant to showing defendant Le's familiarity with GPS trackers, and his intent to use one to track other people.

Exhibits 73 and 75 are portions of a recorded meeting between Tony Hoang and defendant Le on the day of defendant Le's recorded

interview with the Coast Guard, already admitted in evidence (as government exhibit 78). During his interview with the Coast Guard, defendant Le was asked about his last interactions with James Dao, and defendant Le lied and said he never went on the boat trip at all. In Exhibit 73, defendant Le reports to Tony Hoang that "the Coast Guard came to my house earlier," asking about "somebody that went missing." Tony Hoang asked, in reference to defendant Le's earlier confession about killing someone, "Oh, about that dude?" and defendant Le responded, "Yeah." Given the reference to the Coast Guard interview, the fact that this conversation is about James Dao is abundantly clear. Further confirming this, asked why the Coast Guard was questioning defendant Le, defendant Le stated, "The wife," and said, "she better give me my hundred thousand as promised," evidencing defendant Le's apparent understanding that he could, and his motive to in fact, get money from Natalie Nguyen after the killing.

In Exhibit 75, asked if he was sure James Dao "is gone," defendant Le said, in substance, there was no chance James Dao would reappear, unless he had a twin brother. Defendant Le's knowledge that James Dao was dead is relevant to showing that defendant Le intentionally killed James Dao.

In exhibit 260, Tony Hoang referred to the car ride to "the Spectrum" during which, Tony Hoang is expected to testify, defendant Le told him about how defendant Le killed a man on a boat over a debt. Defendant Le acknowledged having told Tony Hoang a "story" on the way to the Spectrum. (See Exhibit 260A, line 11.) Tony Hoang said, "Since you're still out, fuckin', means you got away with shit," and defendant Le acknowledged this to be true. (See id. at

3

line 17.)  This constitutes recorded confirmation by Le of having told Tony Hoang a story carrying the implication that if defendant Le remained out of prison, he had gotten away with something.  This is directly relevant to corroborating Tony Hoang's testimony concerning defendant Le's confession to Tony Hoang.

### III. CONCLUSION

For the foregoing reasons, the government seeks the Court's authorization to present exhibits 47, 51, 52, 73, 75, and 260—as well as the subclip of current Exhibit 56 that the Court referenced orally in court on Friday, November 12, 2021—during the direct examination of Tony Hoang.