**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION AT SANTA ANA**

**HONORABLE DAVID O. CARTER, JUDGE PRESIDING**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| PLAINTIFF, | ) |
| vs. | ) SACR NO. 20-00002-(B)-DOC |
| HOANG XUAN LE, | ) |
| DEFENDANT. | ) |

REPORTER'S TRANSCRIPT OF PROCEEDINGS

SANTA ANA, CALIFORNIA

MONDAY, AUGUST 7, 2023

9:52 A.M.

**DEBORAH D. PARKER, CSR 10342**
**OFFICIAL COURT REPORTER**
**UNITED STATES DISTRICT COURT**
**411 WEST FOURTH STREET**
**SUITE 1-053**
**SANTA ANA, CALIFORNIA 92701**
**(657) 229-4305**
**transcripts@ddparker.com**

APPEARANCES OF COUNSEL:

FOR THE PLAINTIFF, UNITED STATES OF AMERICA:

NICOLA T. HANNA
UNITED STATES ATTORNEY

BRANDON D. FOX
ASSISTANT UNITED STATES ATTORNEY
CHIEF, CRIMINAL DIVISION

GREGORY S. SCALLY
ASSISTANT UNITED STATES ATTORNEY
UNITED STATES DISTRICT COURT
8000 RONALD REAGAN FEDERAL BUILDING
SANTA ANA, CALIFORNIA 92701
(714) 338-3500

GREGORY STAPLES
ASSISTANT UNITED STATES ATTORNEY
UNITED STATES DISTRICT COURT
8000 RONALD REAGAN FEDERAL BUILDING
SANTA ANA, CALIFORNIA 92701
(714) 338-3500

FOR THE DEFENDANT, HOANG XUAN LE:

CRAIG WILKE
LAW OFFICES OF CRAIG WILKE
305 N. HARBOR BOULEVARD
SUITE 216
FULLERTON, CALIFORNIA 92832
(714) 870-8900
craig@craigwilkelaw.com

Also Present:

Eunice Habig, United States Probation and Pretrial Services

Anh Tran

**SANTA ANA, CALIFORNIA; MONDAY, AUGUST 7, 2023; 9:52 A.M.**

-o0o-

THE COURT: All right. Counsel, thank you.

We're on the record in Case No. 20-00002-DOC, United States versus Hoang Xuan Le.

And, Counsel, just remain seated. You can use the lectern, if you'd like to. I'm just trying to stop the cross-pollinization [sic].

On behalf of the Government, Mr. Scally, would you make your appearance.

MR. SCALLY: Yes, Your Honor. Thank you.

Greg Scally and Greg Staples for the United States.

Present with me at counsel table is United States Probation Officer, Eunice Habig. Also present in the courtroom are: Ahn Tran (ph), the mother of the victim in this case, as well as Special Agents Christopher Gicking and Andrew Cho of the FBI and Special Agent Austin Casey, the Coast Guard Investigative Services.

THE COURT: Ask the mother if she might want to make a statement today.

MR. SCALLY: That's correct, Your Honor.

THE COURT: And Mr. Wilke, would you make your appearance.

MR. WILKE: Good morning, Your Honor.

09:52:36 Craig Wilke, on behalf of Mr. Le, who is present.

THE COURT: All right. Good morning, Mr. Le.

Counsel, do you know of any legal reason or cause why the Court should not proceed to sentence on today's date?

09:52:46

MR. WILKE: No, Your Honor.

THE COURT: Did you receive a copy of the presentence report 35 days prior to today's date?

MR. WILKE: Yes, Your Honor.

09:52:53 THE COURT: And more importantly, have you had time with Mr. Le to thoroughly and thoughtfully discuss this report?

MR. SCALLY: Yes, Your Honor.

THE COURT: Mr. Le, have you had time to discuss

09:52:59 this presentence report with your attorney?

DEFENDANT LE: Yes.

THE COURT: All right. Thank you.

Has the Government had the same courtesy with the family, as well as the investigating agencies?

09:53:10 MR. SCALLY: Yes, Your Honor.

THE COURT: Then, Counsel, Mr. Wilke, on behalf of Mr. Le.

MR. WILKE: Your Honor, we would submit on the papers. I think there's one issue --

09:53:16 THE COURT: There's one issue: The enhancement.

09:53:18 MR. WILKE: And the Government, I think, agrees that it should be a five-year mandatory consecutive, rather than 10.

Other than that, we would submit on the papers.

09:53:27 THE COURT: Mr. Le, you have the right to allocution. If you'd like to make a statement, this would be the appropriate time. You do not have to make a statement. That has no bad consequences in terms of your sentencing. And on advice of your counsel, because there 09:53:39 may be appealable issues, it may be taken that you don't make a statement.

So why don't you consult with your counsel for a moment and see if you want to make a statement today or not.

MR. WILKE: We've discussed it, Your Honor. 09:53:50 Mr. Le will waive allocution.

THE COURT: All right then. Thank you.

Then, on behalf of the Government, your thoughts and your argument.

MR. SCALLY: Your Honor, the Government would also 09:53:55 submit on the papers.

THE COURT: And concerning this enhancement?

MR. SCALLY: So the issues -- I'm sorry, Your Honor. The enhancement.

THE COURT: Issue No. 5, I forgot, or No. 4. It 09:54:08 involves the enhancement: The 10 years versus the

09:54:11 five years.

MR. SCALLY: Oh, yes. I do agree with Mr. Wilke that in terms of what the sentence should be for the 924(c) count. What --

09:54:27 THE COURT: Well, take a moment with us, so I have a good record, okay?

And, also, I'm going to ask each of you if you're prepared to stipulate that this is an offense level 43. You both agree that the organizer provision does not apply in 09:54:41 this matter and, regardless, even if it did, if it took to a 45, it's still reduced to the 43. So the practical aspect is, we're operating under a level 43. But see if there's a stipulation concerning that.

MR. SCALLY: Yes, Your Honor, the Government would 09:54:57 stipulate to the offense level of 43 and also --

THE COURT: Mr. Wilke, I can go through the calculations.

MR. WILKE: It's fine, Your Honor. If I may just have a moment.

09:55:10 THE COURT: The argument by both of you was, there was a concern on the organizer concerning the narcotics charges and I think you both agreed it didn't apply. And even if it did, it would raise it to 45. It would still then under a 45 be reduced to 43. After we're done with all 09:55:30 this convoluted math, frankly, it appears it's going to be a

09:55:35 43 by stipulation of both counsel however we get there.

MR. WILKE: We agree, Your Honor.

THE COURT: Counsel?

MR. SCALLY: I agree on ultimate result.

09:55:41 THE COURT: No, very simply: Stipulated or not? Yes or no?

MR. SCALLY: Yes.

THE COURT: I can go through the calculations. I'm happy to.

09:55:45 Stipulated or not?

MR. SCALLY: Stipulated, Your Honor.

THE COURT: Counsel?

MR. WILKE: Yes, Your Honor.

THE COURT: All right. Each of you have

09:55:49 stipulated that this an offense level I?

MR. WILKE: Criminal History I.

THE COURT: Criminal History I, I'm sorry.

MR. SCALLY: Yes, Your Honor.

THE COURT: All right.

09:55:55 MR. WILKE: Yes, Your Honor.

THE COURT: Criminal History I. And then I want to see Probation for just a moment.

Be right back with you, Counsel.

*(Pause)*

09:57:56 THE COURT: You indicated that the mother wanted

09:57:59 to make a victim impact Statement. This would be the appropriate time.

MR. SCALLY: Thank you, Your Honor.

*(Pause)*

09:58:14 THE COURT: Ma'am, I've been introduced to you before, but I need you to state your name, again, for the record.

MS. TRAN: My name is Ahn Tran.

THE COURT: Thank you.

09:58:35 MS. TRAN: To the Honorable David Carter, United States District Judge.

Judge Carter, first, I would like to extend my sincere thanks and gratitude to you for presiding with fair judgment over the case for my son, James Tri Dao.

09:59:13 I would also like to thank the United States Attorney Office, Attorney Greg Scally, all the prosecutors, jurors, law enforcement officers and everyone who helped during the trial for my son. We are forever grateful to God, the law, and the humanity of this great country, and 09:59:51 believe justice will prevail. We honestly cannot feel peace until this sentencing is over and true justice is served.

As James' mother, I will never be able to forget this nightmare. And every day, it's a tearful reminder -- me that my son was killed and his body was discarded like 10:00:32 trash by his own friend.

10:00:40 Now, I would like to address Wayne Le, my son's murderer. You were my son friend. You often -- you often spent time together with my son two young daughter. They call you "uncle" and thought of you as a family. How could 10:01:03 you so mercilessly and violently murder him like this? It's quite incredibly heartbreaking and agonizing to sit in court every single day for a month and see and hear all the gruesome details of this case.

You lured my son by taking him to what he thought 10:01:36 was a fishing trip. Then you shot him and brutalized him with metal hooks and left him to drown a slow, painful death in the darkness of the cold ocean. Without a doubt, this was planned and premeditated by you and your friend.

In the days after you murder him, you not only 10:02:16 found no remorse or guilt, nothing, but you continue to enjoy your life, brag about being a hitman and try to intimidate his family by tracking them.

You have not only kill, but you have destroyed his family and ruin all our lives. To all of us, your action 10:02:53 prove that you're not a human being. You are not a human being, but an evil and cruel demon who belong in hell so that you can repent and pay for your sins. You deserve a life in prison so that you cannot inflict harm and commit crimes again for anyone else.

10:03:30 Thank you so much, Judge David Carter, and all of

10:03:34 you for your time and for listening. I will always pray for you, Your Honor, to leave a long, healthy and brilliant life -- brilliant life, so that you can continue to uphold justice and rid the world of these demon.

10:04:03 With our eternal and deepest respect and gratitude.

Thank you, sir.

THE COURT: Thank you, ma'am.

Anything further on behalf of the Government?

10:04:17 MR. STAPLES: No, Your Honor.

THE COURT: Anything further on behalf of the defense?

MR. WILKE: No, Your Honor.

THE COURT: Then, if any correction is needed

10:04:21 throughout the sentencing, please interrupt me, but there's been a stipulation that the offense level is 43 with a Criminal History Category of I and a mandatory five-year consecutive term of imprisonment under 18 U.S.C. 924(c)(1)(A)(i), on Count III.

10:04:44 Therefore, pursuant to 18 U.S.C. 3553(a), the Court pronounces the following sentence: It is ordered that the defendant shall pay to the United States a special assessment of $100,100, which is due immediately. Any unpaid balance shall be due during period of imprisonment at

10:05:02 the rate of not less than $25 per quarter and pursuant to

10:05:05 the Bureau of Prisons' Inmate Financial Responsibility Program. It is ordered that the defendant shall pay restitution, pursuant to 18 U.S.C. 3663A.

Pursuant to 18 U.S.C. Section 3664(d)(5), a final 10:05:22 determination of the victims' losses will be ordered at a deferred restitution hearing. After such information becomes available, an amended judgment will be entered after such determination.

MR. WILKE: Your Honor, may we be heard on that?

10:05:39 THE COURT: Please.

MR. WILKE: May I have a moment, Your Honor?

THE COURT: I think that may have been resolved, Counsel, already through the forfeiture provisions, but --

MR. WILKE: I think the Government --

10:05:51 *(Court Reporter requests clarification for the record.)*

MR. WILKE: I think the Government had indicated in its papers that there was no --

THE COURT: Can we simply strike that?

10:05:57 MR. SCALLY: Yes. In terms of restitution, yes, Your Honor.

THE COURT: Thank you.

Pursuant to 5E1.2(a), all fines are waived, as the Court finds the defendant has established that he is unable 10:06:08 to pay and not likely to become able to pay any fine. The

10:06:11 Court has found that the property identified in the preliminary order of forfeiture is subject to forfeiture. The preliminary order is incorporated by reference into this judgment and is final.

10:06:23 Pursuant to the Sentencing Reform Act of 1984, it is the judgment of this court that the defendant, Hoang Xuan Le, is hereby committed on Counts One through Eleven of the second superseding indictment to the custody of the Bureau of Prisons for a term of life. This term consists of life 10:06:41 on each of Counts One and Two and 144 months on each of the Counts Four through Eleven, to be served concurrently with each other and 60 months on Count Three, to be served consecutively to Counts One and Two and Four through Eleven.

Upon release from imprisonment, you'll be placed 10:07:00 on supervised release for a term of five years. This term consists of five years on each of Counts One through Four, Eight and Ten through Eleven and three years on each of Counts Five through Seven, Nine of the second superseding indictment. All such terms to run concurrently under the 10:07:20 following terms and conditions:

First, you shall comply with the rules and regulations of the United States Probation and Pretrial Services Office and Second Amended General Order 20-04;

10:07:31 Second, during the period of community

10:07:32 supervision, you shall pay the special assessment in accordance with this judgment's order pertaining to such payment;

Third, you shall cooperate in the collection of a 10:07:40 DNA sample;

Fourth, you shall refrain from any unlawful use of a controlled substance and you shall submit to one drug test within 15 days of release from custody and at least two periodic drug tests thereafter, not to exceed eight tests 10:07:55 per month as directed by the probation officer;

Five, you shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath and/or sweat patch testing, as directed by the probation officer, and you shall abstain 10:08:10 from using alcohol and illicit drugs and from abusing prescription medications during the period of supervision;

Six, during the course of supervision, the probation officer, with the agreement of you and your counsel, may place you in a residential drug treatment 10:08:24 program approved of by the U.S. Probation and Pretrial Services Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing to determine if you've reverted to the use of drugs, and you shall reside in a treatment program until discharged by the 10:08:40 program director and probation officer;

10:08:42 Seven, as directed by the probation officer, you shall pay all or part of the costs of the court-ordered treatment to the aftercare contractors during the period of community supervision and you shall provide payment and proof of payment as directed by the probation officer. 10:08:52 If you have no ability to pay, no payment shall be required;

Eight, you shall submit your person and property -- including any residence, premises, vehicle, container, papers, effects and computers, cellular telephones and other electronic communications or digital 10:09:08 storage devices or media under your control -- to search and seizure at any time of the day or night by any law enforcement officer or probation officer with or without a warrant, probable cause or reasonable suspicion.

10:09:22 I think No. 9, Counsel, is superfluous and stricken about reporting to the court.

But you will report to Probation within 21 days of release from custody at a date and time to be set by the United States Probation Office and thereafter report in person to the court as directed during your first year of 10:09:35 supervised release; and

No. 11, you shall not possess or have under your control or have access to any firearm, explosive device or other dangerous weapons defined by federal, state or local law. 10:09:47

10:09:49 The Court is authorizing Probation and Pretrial Services to disclose the presentence report to the substance abuse treatment provider to facilitate the treatment for narcotic addiction or drug dependency.

10:10:00 Further, redisclosure of the presentence report by the treatment provider is prohibited without the consent of the sentencing court.

The Court has considered all of the factors under 18 U.S.C. 3553(a), including the mandatory sentence in this

10:10:13 matter.

Now, Counsel, if I made a mistake, I would like to make certain that the record is corrected by both you and the defendant.

Counsel, on behalf of the Government?

10:10:20 MR. SCALLY: No mistakes, Your Honor. Thank you.

THE COURT: Counsel, on behalf of the defense?

MR. WILKE: Only the provision regarding restitution I understand to be stricken from the judgment.

THE COURT: That's stricken from the judgment,

10:10:28 Counsel.

Then, I'm not going to make a recommendation because of the nature of the charges. I'll let the Bureau of Prisons decide the suitable housing; but if you want to make a recommendation, Mr. Wilke --

10:10:39 MR. WILKE: He requested judicial recommendation

for placement in Southern California.

THE COURT: Requested California because of family ties.

Are there any remaining counts that need to be dealt with, Counsel?

MR. SCALLY: Could I just have a brief moment, Your Honor?

THE COURT: Certainly. I don't believe that there are. I think they were resolved during the trial.

*(Pause)*

MR. SCALLY: Yes, Your Honor.

The Government moves to dismiss Count 12 in the interest of justice.

THE COURT: That's dismissed, Counsel.

In addition, Mr. Le, you have 14 days to appeal this sentence as well as the trial. That's your personal right and responsibility, but you have wonderful counsel. Mr. Wilke will file an appeal, trust me, immediately in your behalf within 14 days. But if something happened to him, this is your personal right, but also your personal responsibility, and you have 14 days from today's date.

Do you understand that, sir?

DEFENDANT LE: Yes, sir.

THE COURT: Counsel, is there anything further?

MR. SCALLY: No, Your Honor. Thank you.

10:11:41 THE COURT: Thank you very much.

MR. WILKE: Thank you, Your Honor.

*(At 10:11 a.m., proceedings were adjourned.)*

-oOo-

CERTIFICATE

I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date: September 20, 2023

/s/DEBORAH D. PARKER
DEBORAH D. PARKER, OFFICIAL REPORTER